UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RACHEAL JUVERA, ) | |
| ) | |
| Petitioner, ) | No. CV 08-4771 AJW |
| ) | |
| vs. ) | |
| ) | MEMORANDUM AND ORDER |
| TERESER A. BANKS (Warden),[1] ) | |
| ) | |
| Respondent. ) | |
| _____) | |

On July 21, 2008, petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241. The petition alleges that the Bureau of Prisons ("BOP") has misinterpreted 18 U.S.C. § 3624 and as a result, petitioner has been allowed to earn only 47 days of good time credit per year rather than 54 days per year. [Petition, Attachment]. According to petitioner, this miscalculation deprives her of due process and equal protection. On September 24, 2008, respondent filed a response to the petition. Petitioner did not file a reply.

**Discussion**

Respondent contends that the petition should be dismissed because petitioner has failed to exhaust available administrative remedies. It is well settled that federal prisoners

---

[1] The petition originally was filed against the United States District Court. Warden Tereser A. Banks is the current warden of the Federal Correctional Institute in Victorville, California, where petitioner is incarcerated, and is substituted as the proper respondent.

1 must exhaust their federal administrative remedies prior to filing a habeas corpus petition.
2 Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). The exhaustion requirement is not,
3 however, jurisdictional in § 2241 cases. Rivera v. Ashcroft, 394 F.3d 1129, 1139 (9th Cir.
4 2005). Rather, "[e]xhaustion of administrative remedies is not required where the remedies
5 are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the
6 plaintiff, or where the administrative proceedings themselves are void." United Farm
7 Workers of America v. Ariz. Agr. Emp. Rel. Bd., 669 F.2d 1249, 1253 (9th Cir. 1982)
8 (citation omitted); see also Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th
9 Cir.1993) (exhaustion waived where request for administrative remedy initially denied by
10 Community Corrections Office based upon official BOP policy and further appeal would
11 almost certainly have been denied based upon the same policy).[2]  Because the BOP has
12 interpreted 18 U.S.C. § 3624(b) in a particular manner, exhaustion of administrative
13 remedies in this case would be futile.

14 As discussed, petitioner alleges that the BOP's procedures for calculating good-time
15 credit misinterprets federal statute 18 U.S.C. § 3624(b). Specifically, she contends that he
16 is entitled to 54 days of good-time credit per year, instead of 47 days per year, because
17 good-time credit should be calculated based on the length of sentence imposed, rather then
18 the time of sentence served.

19 The Ninth Circuit has expressly rejected this contention. Tablada v. Thomas, 533
20 F.3d 800, 805- 809 (9th Cir. 2008) (holding that the BOP's program statement, calculating

---

[2] In support of his contention, respondent relies upon Booth v. Churner, 532 U.S. 731, 741 (2001), which held that exhaustion is required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.1997e(a), even where a prisoner litigant seeks a remedy that the available administrative process does not provide, as long as the agency has the authority to take some responsive action. Booth is inapposite. Congress has not indicated that habeas petitioners are statutorily required to exhaust administrative remedies before filing under § 2241 for habeas corpus relief. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990) ("The requirement that federal prisoners exhaust remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.").

1 good time credits based on time served rather than sentence imposed, reasonably interpreted
2 good time credit statute); Mujahid v. Daniels, 413 F.3d 991, 997-998 (9th Cir.2005)
3 (finding that the BOP's interpretation of 18 U.S.C. § 3624(b) is reasonable and subject to
4 deference), cert. denied, 547 U.S. 1149 (2006); Pacheco-Camacho v. Hood, 272 F.3d 1266,
5 1270 (9th Cir. 2001) (same), cert. denied, 535 U.S. 1105 (2002). As explained in Mujahid,
6 neither the BOP's interpretation of § 3624(b) to allow time credits to be earned only on time
7 actually served nor its calculation of petitioner's good time credits under that interpretation
8 violate the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(c)(3).
9 Accordingly, petitioner is not entitled to relief.

For these reasons, it is ordered that the petition for a writ of habeas corpus is **denied**.

Dated: December 3, 2008

/s/ Andrew J. Wistrich
Andrew J. Wistrich
United States Magistrate Judge